I'm Lauren Weiner-Beck. I represent the appellant, Jason Weiner, in this case, Negron v. Weiner. I am going to just briefly make a few points regarding jurisdiction. The matter is regarding the sale of a used car when the plaintiff sued defendants that it's accredited or under 15 U.S.C. 1640 in order to get subject matter jurisdiction. And the district court never had subject matter jurisdiction over Weiner because Weiner is not accredited. And therefore, they shouldn't be able to use 1640. You don't need jurisdiction over Weiner, you need jurisdiction over the subject matter. Exactly, yes. It's whether they can entertain this kind of claim. Subject matter jurisdiction over Weiner because he's the defendant. You need subject matter jurisdiction to entertain the claim against Weiner. It might be that the plaintiff still fails to say the claim against him. That doesn't mean that the court doesn't have jurisdiction over the subject matter, right? There is a difference between not having subject matter jurisdiction over a case over a claim and failing to state a claim. And I think that the question is, why isn't this really a matter of failing to state a claim over which the district court had subject matter jurisdiction? Because the defendant was never a creditor. He should not have been sued. We usually view that as a failure to state a claim. There's some element of the claim that is missing, so he's not a creditor. That doesn't prevent, usually, in the ordinary course, the district court judge from making that assessment. So Judge Hall had the power to make that assessment, correct? She did have the power. Therefore, she had subject matter jurisdiction. Once you said she had the power, she's got subject matter jurisdiction. She has the power to make it if she has it. But she didn't have it because he was never a creditor under the statute. Why don't you move to your Connecticut claim? Oh, to my Connecticut claim? The supplemental claim? Well, he wasn't a de facto car dealer. There's no such thing in Connecticut. Therefore, he should not be able to be sued as a car dealer under CUPPA, the CUPPA violation. Because under the CUPPA violation, 42110B28A3, it makes it a per se violation for CUPPA for car dealers to sell vehicles for more than the advertised price, except that you have to be licensed under 40... What does it say there? In the statute, in the regulation. Where in the, well, in the statute, regulation? No, it's a regulation, 42110B28A3. A3. Is that the advertisement? Well, 42110B28A3, that's the definition of advertisement, right? You're talking about the definition of used car dealer. So the used car dealer definition is in the Connecticut Statutes 1451. That's defined by the Connecticut General Statute. Right, used car dealer includes any person, firm, or corporation engaged in the business of merchandising motor vehicles other than new who may, for instance, with such business, repair motor vehicles. Wasn't that what your client was doing? Well, he has, you have to be licensed to be subject to because otherwise... I don't care if he's licensed or not. I'm asking does he fall within that definition? Like, is he in fact engaged in the business of merchandising motor vehicles? Well, he was a salesman. There's a distinction between owning the used car dealer and being a used car dealer because there's a license requirement under our state of Connecticut. Under 1452A. So what he's doing is not actually engaging in the business of merchandising motor vehicles? He's selling for the dealership. He's not the dealer because he's not licensed. You can be a salesman. Can you repeat your question? Why does that make any difference for purposes of this? The reason is that it doesn't make... And anybody would be able to sue anybody who sells their car. Like a neighbor sold their car under CUTLA violations even though the person is not in the business of selling cars because they're not licensed. And that's not what this guy... If a neighbor sells a car as a one-off thing, maybe they're not engaged in the business of merchandising motor vehicles, but that's different from your client, isn't it? Suppose the neighbor sold 20 cars. My client didn't sell 20 cars. If the neighbor sold 20 cars? He's still not licensed. Wasn't he running a used car dealership? Didn't he have this arrangement with Patriot to run the... Excuse me, I have a hearing problem. Didn't he have this arrangement with Patriot where he was running a used car? He was working for him. They had like a hybrid type of relationship where he would be the salesman and he would operate and make decisions, but he wasn't licensed. He was a used car salesman. Didn't Judge Hall make a finding that he was the de facto owner? There's no such thing in the state of Connecticut as a de facto owner. There's no statutory law. She provided no authority. He was functioning as essentially the operator of this business, right? He was working there. There's a big difference with the car agencies as to who owns it. There's licensing requirements under the state of Connecticut. 1452B requires that you have to be licensed to be considered and deemed a car dealer. And he wasn't. So therefore, he should not be subject to under the Connecticut Agency Regulation 42110B-2883. Actually, so did he need a license to do what he was doing? Are you saying he was operating without a license or the license was only required to do something else? And what is the different thing that one needs a license for? To be a car dealer, as opposed to a car salesman, you need to be licensed under the state of Connecticut under 14, used, this was a used car deal. You need to be a licensed new or used car dealer, but a used car dealer is 1452A, and this was pertaining to a sale of a used car. So you would need a license under that to be deemed a car dealer, as opposed to just being a salesman. The argument is that he was a salesman working for Patriots. Yes. It's wrong to say that he was the de facto owner of this dealership. Exactly. Because there's no such thing in our law in Connecticut as de facto dealer. It just means you're not licensed. And they knew, the plaintiff rather, knew that Mr. Weiner wasn't licensed when they sued him. Is there any case law on this from Connecticut? Not that I'm aware of. I researched extensively to see if there's anything as de facto or auto dealer. There's no such thing. There's not a single decision. Not regarding this specific incident. Okay. Okay. Any further? Yes. And regarding the... Just a moment. The plaintiff never put a marker on a windshield as a basis of an advertisement. The only pleading that they raised on the issue of advertisement under COPPA was of the Facebook of Brendan Smith. But then they introduced evidence about the price on the windshield in testimony, right? Not as it pertains to the solicitation, which is the prerequisite that you need. But for what purpose was the evidence being introduced at the trial? As background, as my interpretation, because I had no notice of this claim, as we had... The only thing in their pleading was the Facebook post of Brendan Smith as a basis of their solicited advertisement. And we also had a joint trial memo where the only contested issue in the case was... But then at the trial, there's this direct examination where there's questions directed to the plaintiff that say, what was the price posted on the car? Was there anything else written on the windshield along with the price and so on? Why do you think they were listing that testimony just as an issue? They decided that at the last minute, but we had made an agreement, opposing counsel and I, that the only contested issues in the case in our joint trial memo, which is in the joint appendix, that the only contested issue in the case was the Facebook page of Brendan Smith. Well, after this testimony that Judge Van Asch just pointed to you was adduced during the trial, did you object to it? Did you ask that it be stricken? Well, I had no... I had no notice. Well, you heard this testimony. I said, after the testimony came in and your position was, well, it wasn't teed up in the pleadings and so forth, did you object to it? No, I didn't. And the reason being is because I had no notice under federal civil procedure. You had notice when you heard it. Not that it was being offered. She never said it was being offered as an advertisement, the plaintiff. She just said she saw it. She said, in fact, she testified at trial that she came... that she was solicited through the Facebook ad of Brendan and the judge found that to be that she was solicited for the Facebook ad of Brendan as a basis of... What did you think the price of the car was? Answer, $8,500. Question, why? Answer, because that's what was written on there. What is that other than that? The law is... for the copper violation, per se, it has to be the solicited advertisement, which is, and she stipulated to at trial and in the pleadings, the Facebook page of Brendan Smith. Why isn't a price tag a solicited advertisement? It isn't. In my opinion, Your Honor. Apart from the issue of whether there was some problem with the admission of the evidence in the pleadings, you're saying that writing the price on big letters on the windshield of a car that's sitting in a lot is not an advertisement that's meant to solicit business? Yes. It's not an advertisement under the under the copper violation. It's not considered an ad. A very broad language. A solicited ad. So the language of what constitutes an advertisement is very broad. Any oral, written, or graphic statement made by a used car dealer in any manner in connection with the solicitation of business. The word solicited is within that purview of that information. I guess you could make an argument that once you're looking at the windshield, you're already on the lot, and so maybe you're already a customer. But isn't it also true that once customers are on the lot, they're still deciding which car to buy and whether to buy and so communications that are communicated to them there are still soliciting their business, right? That's not what Corralston Grone testified, however, at trial. She testified that she came in through the Facebook page of Brendan Smith. And she asserted that... ...objective standard, right? We want to know whether the writing on the windshield meets this definition. Whether it's any kind of communication made...and it's also in connection with the solicitation of business. So it might even be that once you solicit people to come onto the lot, you're making additional communications to close the sale. And that's still in connection with the solicitation of business, wouldn't it be? I don't agree to that, Your Honor. Because she said blatantly that she came in on the Facebook page on this car. And Exhibit 1 plaintiff's exhibit... If she came in based on the Facebook advertisement and the price on the windshield said $2 billion, she probably would have left, right? I don't know that she would have left. She wouldn't have bought that car. $2 billion? She wouldn't have bought it. So then it is communicating something to her to make sure she buys the car that the price is being communicated to her as the price that she expected to see, right? I don't know that she would expect to see that because in her Exhibit 1 the plaintiff's exhibit she presented the Facebook page of Brendan Smith as the basis of her exhibit that this is what she came in on. So we had no notice to think that she would come in on anything else. That's what they told us. Is there a Connecticut decision that would help us understand how Connecticut has interpreted this particular provision that identifies what an advertisement is? Um I'm not I did put a case in the brief as to what is an advertisement. You've got a couple minutes, I think, for rebuttal. You can maybe alert us to that and we'll hear from your adversary. Thank you. Mr. Blinden. Yes, and good morning, Your Honors. My name is Daniel Blinden. I'm representing the appellees in this matter. I'd like to begin by addressing the statement by counsel earlier that Mr. Weiner was just an employee of the dealership that's contrary to the record and it's contrary to the findings by Judge Hall. In our brief we cite certain paragraphs of the amended complaint that were admitted to by Mr. Weiner that he entered into an arrangement with Patriot Auto that he was the one who was operating the dealership under Patriot Auto's name, that he's the one who made the investment, he's the one who took the risk, he's the one who did the work, he's the one who made the profit. And in fact I don't understand that record being based on Connecticut law that really that's the car dealer letting their salesman have a lot of leeway in operating the company but he's still operating as a salesman because he's not a licensed dealer. If that were in fact the case, if they were just giving the salesman a lot of leeway but in fact this person was operating the business. Technically isn't that what they're doing because they are the licensed dealer and he is only allowed under the law to operate as a salesman. So it's sort of like the dealer is just sort of deferring to a lot of suggestions the salesman's being made but shouldn't we tribute those decisions to the dealer? I don't think so, your honor. I think what it really is is it's a way to circumvent the requirements that people operating a dealership have their own license. If somebody say, okay I trust you, you take care of it I trust you to take care of my business but in fact there was I believe a testimony at trial by Mr. Weiner that the only thing that Patriot Auto received from this arrangement was a payment by Mr. Weiner. So he doesn't have a license and by virtue of that he needs to find a licensed dealer or whatever to provide him with the venue and he pays them for that. That's correct, your honor. That's the deal. It is and Patriot Auto We can wonder why he can't get a license but okay, that's the Well, I don't know why he didn't get his own license. I mean one has to have a location and so forth and here you have a spot, there's a license and Patriot Auto apparently wasn't interested in operating a dealership any longer so it found somebody else to essentially lease its license Whether that's viable under Connecticut law is not precisely the question before us Well, there is a statute It's 14-51 that provides penalties for operating a dealership without a license I understand that there may be a statute but that's not before us Well, it's not your honor but I think it is closely related Do you think he violated that statute? I do So your position is he actually is acting as a used car dealer and doing so without a license in violation of Connecticut law Yes, I do maintain that and that was one of the arguments we raised to the Judge Hall It wasn't part of her basis for finding Did Judge Hall make that finding? She did not, no She based her finding in CUPPA for selling for more than the advertised price Is that a necessary implication of her finding that he's the de facto owner of this company? Well, I think that it's necessary to show that he's liable under CUPPA that he's actually operating that he's operating in the course of business He has to be standing in the shoes of the owner of the operation If he's really just acting as a salesman even one with a lot of influence over the owner, then he would not be liable under CUPPA It is, your honor, and I think that it's really telling that at the conclusion of evidence that Mr. Weiner's counsel admitted that he was a merchant This is at page 132 of the Joint Appendix where she says, we're not disputing that he was a merchant He admitted the allegations and the complaint that he was operating it, so there's substantial evidence supporting Judge Hall's claim that he was acting as a de facto ownership I'd like to spend a little bit of time addressing the argument that because he wasn't licensed as a dealership he wasn't subject to the regulation and something I didn't point out in my brief, and I apologize for this it only occurred to me as I was preparing for argument In the appellant's brief they make a mistake in terms of their reference to 14-51 where and this is the definition of who is a used car dealership and it says any person or firm engaged in the business of merchandising motor vehicles is a used car dealer and there's an exception if you're just engaging in leasing or selling and then at the very end it says such person shall be qualified to conduct such business in accordance with the requirements of section 14-52A and in the appellant's brief they reference the wrong section they reference section 14-52 subpart A and that's a different statute and 14-52 subpart A does in fact contain the requirement that car dealers be licensed but that's not the section that's referenced in 14-51 the section that's referenced there is 14-52A and what that says is it provides a legal basis for the state to deny a license to somebody or to take a license away and specifically it says if you're involved in certain types of crimes such as violation of the motor vehicle laws or fraud or larceny that's a basis to deny a license that's why I asked I wonder why did not get a license there's nothing in the record so I don't really want to speculate here did that caveat in 14-52A-2 mean that if you had committed larceny and therefore were ineligible to get a license you don't meet the definition of a used car dealer no your honor and therefore not for purposes of CUTLA either because doesn't CUTLA reference this definition for its coverage I don't think that's right your honor and the reason why and I think it's an important distinction what the appellant argues is that this reference to 14-52A is it's incorporating it as part of the definition of a used car dealer but instead what it's doing is it's setting forth the criteria that somebody needs to meet in order to qualify to get the license but CUTLA also to tell you to whom it applies looks to this definition of used car dealer it does and I think it bares emphasis so this definition is doing two purposes it is the licensing requirement but it also tells you who can be held liable I don't think so and the reason why is because what we're looking at here is the definitional section of the motor vehicle code and the definition in the regulation is something different the regulation in the regulation incorporates the statutory definition and it says that it includes people who are licensed under this it's not exclusive and I think there would be a rather bizarre result that people who are operating dealerships without a license require to be licensed so either you are or you should be yes and it would be a rather odd construction let me ask you a question about Connecticut decisions are there any Connecticut state court decisions that really could help us resolve this issue that you could point to we would say with confidence either the Connecticut Supreme Court or the intermediate courts have answered this question so this is open this is open territory I think that it is so why under those circumstances even though language is very clear you could argue your language is very clear of course your adversary's language is very clear why shouldn't we certify this area I'm assuming that there are a lot of used car salesmen in Connecticut I don't know but this is an area of potential policy importance to the state of Connecticut well one thing that is one option, another option I think that this is really important that it's not necessary to find that this regulation applies in order to find that Mr. Weiner has violated COPPA because you also have the cigarette rule analysis and Judge Hall talks about that reference and it says that whether or not you violate the policy or the penumbra of a policy enacted by the state and the Department of Consumer Protection issued a very clear policy the people in the business of selling cars the Department of Consumer Protection pardon me? Connecticut yes and that's a Connecticut policy it is a Connecticut policy but the policy is violated whether the regulation strictly applies or not if the regulation doesn't apply then Judge Hall could still find that there was a violation of COPPA based upon the more traditional cigarette rule analysis which is what is usually followed but she do we have any case law from Connecticut on the application of cigarette rule analysis to COPPA application of rule analysis to COPPA well sure there are a lot of cases that say that if you violate a regulation the legislature is empowered excuse me the Department of Consumer Protection is empowered to promulgate regulations to determine conduct that's deemed to be violent of a COPPA and Judge Hall based her finding under one of those regulations do you have any objection to certification I do not so can I ask about the sorry the price that's written on the car so we have this colloquy in the direct examination what's the price posted on the car $8500 did Mr. Weiner tell you the price would be anything other than $8500 opposing counsel says from the complaint we thought the advertisement was the Facebook post and this was just providing context to her visit to the dealership so why isn't it the case that you've surprised them with an alternative theory well I think rule 15 applies to this when you have testimony that is offered that's not supported by the pleadings then if there's an objection raised then at that point Judge Hall would have the opportunity to make the decision as to whether or not to permit the deposition to permit the testimony to go in and to permit you actually are introducing a new theory as opposed to just asking for some other facts about the visit to the dealership well did you consider that to be an advertisement were you relying on that it just says what was the price on the car so the testimony and the evidence at trial was that Brandon Smith had put on his Facebook page this information that Mr. Weiner testified that he had originally posted an ad for the vehicle on Facebook and then there's a testimony about the windshield the district court on purpose says I can't resolve the question as to who's responsible for that advertisement I think she said I don't have to resolve it because the windshield she doesn't resolve it so she's relying on the windshield advertisement so the windshield advertisement is essential to this issue whether it was sold in excess based upon it was essential to Judge Hall's ruling so then I'm just asking so you're saying yes obviously Mr. Weiner if he had objected it would have teed up the issue but Mr. Weiner is saying well I had no idea that this was an alternative theory about the advertisement so what is it about this it's not that long of a colloquy about the windshield what is it about that that would put him on notice that you're introducing a new theory of liability well first I think that first of all there was testimony about an advertisement that was on the vehicle and the windshield writing very clearly does constitute an advertisement and yes of course it's understandable if an objection isn't raised right away but the trial continued it continued for a good hour beyond that there could have been a motion to strike that testimony or at any time and at that point Judge Hall could have permitted the amendment or she could have decided to strike the testimony or she could have taken a brief adjournment and let them have a deposition on this issue was there anything in the trial that would have triggered that kind of response from Mr. Weiner where he realized that this was an alternative theory of liability that the advertisement was not the Facebook posting but was the price written on the car only the fact that the plaintiff had testified twice that the price was written on the windshield of the vehicle initially when asked was there anything on the windshield and second what was the basis for your belief that the price of the car was $8,500 you know our thought when we entered this in is that this is just additional evidence that this car was advertised at a price of $8,500 and sold for above that price so thank you very much thank you your honors regarding of the advertisement that the only notice that we were provided was the Facebook page of Brendan Smith and the judge made a finding that Carouse Negron did come in on the Facebook page of Brendan Smith and she never said the marker on the window was an advertisement and Mr. Blinn asked her again the same question and she just answered it but she never said it was an advertisement and we would have needed tea leaves to know that that was the new claim after all this time the Facebook post of Brendan Smith if you had realized that this was a new issue that this was a new theory of liability that it was an advertisement the price written on the car what would you have done? or what argument would you have offered? I would have objected and said that's not one of the issues in the case, it's not a claim we never had any notice under the federal rules that that was a claim and under the federal rules you need implied consent from the opposing party they have to have notice you can't just come up with this new theme and theory in the middle of trial we had a trial management order everything all spelled out the contested facts and issues in the case he could have easily put that in there if he wanted that to be a new claim maybe he could have amended his complaint we had no notice you had an easy response to this evidence coming in, all you had to say was I object I would have to note it I thought it was background material I thought it was just background information I didn't know it was a new claim because she didn't say it was an advertisement she had testified just prior to that that the advertisement she came up with what possibly could it have been if it wasn't an advertisement she didn't say it was an advertisement by Weiner, they never proved that it was an advertisement by Weiner they never said it was an advertisement she said she saw a marker on a window what possibly could it have been if it was not an advertisement I don't know I don't know and I have one other regarding when you say I don't know I don't understand the question merely so I asked your colleague on the other side whether he had any objection to certification and understanding do you object to certifying maybe a couple of questions one would relate to the what constitutes an advertisement because I understand based on your answers both of you that there is no Connecticut law on this issue and another might be what this licensure requirement really means under the regulation do you have an objection to certification to the Connecticut Supreme Court to answer these questions no so you're going to get to your last point regarding the defendant car dealer violated a state regulation there is a case it's a superior court case Valencia v. Crabtee and the court held that the defendant didn't violate it because it was the car manufacturer not the dealership responsible for creating the advertisement at issue that's an issue whether or not the marker was placed by Weiner on that windshield if that was going to be the advertisement thank you very much thank you